UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

YOLANY CALIX, an individual,

    Plaintiff,

vs.

GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE,
a Florida Limited Liability Company,

    Defendant.
_____/

## **COMPLAINT**

1. This Court has subject matter jurisdiction over the Plaintiff's claims because this action arises, in part, under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et. seq.*, as amended by the Civil Rights Act ("Title VII"), the Florida Civil Rights Act of 1992, §760.01, *et.seq.,* Florida Statutes ("FCRA") and under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.,* without regard to jurisdictional amount or diversity of citizenship.

2. Venue is appropriate in the Fort Myers Division of the Middle District of Florida pursuant to 28 U.S.C. 139l(b) because actions complained of herein took place in Collier County, Florida, specifically at one of the Defendant's facilities located at 101 Cypress Way E, Naples, FL 34110.

3. At all times material to this action, Plaintiff, YOLANY CALIX has been an individual residing in Collier County, Florida.

4. Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE is a Limited Liability Company incorporated in the State of Florida, with its principal place of business in Coral Gables, Florida.

1

5. This Court has personal jurisdiction over Defendant because it has conducted systematic and continuous business within Florida, and regularly does business in Collier County, Florida within the jurisdiction of the United States District Court for the Middle District of Florida.

6. Between August 2005 and September 12, 2019, Plaintiff worked at Defendant's Naples, Florida facility in various positions throughout fourteen (14) years prior to her termination.

7. At the time of Plaintiff's termination, Plaintiff held the position of Lead Med-Technician with compensation from Defendant based upon the rate of $14.32/hour and with Plaintiff's essential job duties consisting of: (a) delivering medication to residents in the appropriate time and dosage; (b) assisting with the creation of work schedules for the Nursing Department; (c) updating resident charts with regards to assignments and showering schedules; (d) update care managers assignments and schedules; (e) obtain coverage for case managers and nurses when taking time off, order and restock toiletries; and (f) assist patients with daily tasks such as dressing, grooming and bathing.

8. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

9. At all times material to this action, Defendant was Plaintiff's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

10. In July 2019, when Plaintiff was approximately six (6) weeks pregnant, Plaintiff informed her immediate supervisor and Defendant's Wellness Director, Susan Eck, R.N., that she was pregnant.

11. Plaintiff continued to perform her duties as usual and would obtain assistance from other employees whenever a patient required more than one individual for bathing, and/or transporting among other needs, as was routinely done.

12. On or about August 16, 2019, when Plaintiff was approximately eight (8) weeks pregnant, Plaintiff informed Defendant that she was placed on light duty and/or was given work restrictions by her medical doctor due to her pregnancy related condition limiting Plaintiff's lifting of no more than 25 pounds to avoid pelvic straining.

13. On or about August 17, 2019, Plaintiff provided Ms. Eck with medical documentation regarding her medical restrictions related to her pregnancy.

14. On or about September 12, 2019, Defendant placed Plaintiff on PRN/as needed status per Defendant's company policy because Plaintiff had submitted medical documentation regarding her pregnancy and related restrictions and Defendant.

15. Plaintiff objected to the PRN/as needed status when Plaintiff advised Defendant's Business Office Director, Julia Constantini and Ms. Eck that she was capable of performing her duties as Lead Med-Tech or in the alternative could be transferred to the Activities Department, where she had previously worked and there was a current vacancy.

16. Upon information and belief, Defendant hired someone for the Activities Department soon after placing Plaintiff on PRN status despite Plaintiff's objections.

17. At all times material to this action, Plaintiff was capable of performing her essential job duties.

18. Likewise, Plaintiff satisfactorily performed her essential job duties until Defendant placed her on PRN/as needed status and never contacted her again thus terminating Plaintiff's employment.

19. The reason proffered by Defendant for placing Plaintiff on PRN status and terminating Plaintiff's employment was (a) discriminatory because of Plaintiff's sex/gender and pregnancy;

and (b) was retaliatory because Plaintiff opposed Defendant's disparate treatment of her because of her sex/gender and pregnancy, in violation of Title VII.

20. All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) on July 7, 2020, Charge No. 510-2020-04550, alleging discrimination based upon sex/gender, Female, and pregnancy discrimination as well as retaliation in violation of Title VII and the FCRA. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as **Exhibit A**.

22. This action is filed within ninety (90) days of Plaintiff's receipt of a Notice of Rights' letter from the EEOC dated August 25, 2021; a true and correct copy of said letter is attached and marked as **Exhibit B.**

23. As of the filing of this action more than One Hundred and Eighty (180) days have passed since the filing of Plaintiff's Charge of Discrimination on July 7, 2020 and the FCHR did not issue any determination concerning Plaintiff's Charge.

24. Plaintiff has satisfied any and all administrative conditions precedent to filing of this action under Federal and Florida law.

## COUNT I – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.* - SEX/GENDER DISCRIMINATION

25. Plaintiff, YOLANY CALIX, re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above, as though fully set forth herein and further states that this is an action against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE

4

for Sex/Gender Discrimination and Pregnancy Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

26. The Equal Employment Opportunity Commission's Guidelines on Pregnancy Discrimination provide that any written or unwritten employment policy or practice which excludes employees because of pregnancy, childbirth or related medical conditions gives rise to *a prima facie* violation of Title VII. 29 CPR 1604.10.

27. In 1978, Congress enacted the Pregnancy Discrimination Act. Pursuant to this amendment to Title VII, an employer who maintains a policy that subjects pregnant employees to disparate treatment violates Title VII.

28. Title VII of the Civil Rights Act provides that it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex,** or national origin. 42 U.S.C. 2000e-2(a)(l ).

29. In 1978, Congress amended Title VII of the Civil Rights Act of 1964 to include the Pregnancy Discrimination Act, which expands the Act's definition section to encompass pregnancy-based discrimination under the definition of sex discrimination: The terms "because of sex" or "on the basis of sex" include, but are not limited to, because or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes. 42 U.S.C. § 2000e(k).

30. It is a violation of Title VII to discharge, constructively discharge, discriminate or refuse to hire a woman because she is pregnant.

31. At all times relevant to this action, Defendant had fifteen (15) or more employees for each

working day in each of twenty (20) or more calendar weeks in the current calendar year or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

32. Plaintiff is a member of the protected class, a Female who was pregnant when Defendant terminated her employment.

33. Defendant subjected Plaintiff to disparate treatment and harassment because of Plaintiff's sex/gender, Female, and/or Plaintiff's pregnancy when: (a) shortly after Plaintiff provided Defendant notice of her pregnancy and medical documentation regarding her pregnancy related medical restriction, Defendant placed Plaintiff on PRN/as needed status based upon company policy and purported overstaffing; (b) Defendant did not contact Plaintiff for work following the change in employment status despite Plaintiff's objections to the change in status; and (c) on September 12, 2019, Defendant constructively terminated Plaintiff's employment.

34. Defendant's proffered reasons for constructively terminating Plaintiff were based upon an intent to discriminate against Plaintiff because of her sex/gender, Female, and/or Plaintiff's pregnancy, in violation of 42 U.S.C. §2000e-2(a)(1).

35. A motivating factor behind Defendant's termination of Plaintiff's employment in September 2019 was Plaintiff's sex/gender, Female, and/or pregnancy, in violation of 42 U.S.C. §2000e-2(a)(1).

36. As outlined in the preceding paragraphs, Plaintiff was subjected to harassment, intimidation, false accusations, and discrimination because of her sex/pregnancy. This harassment had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that seriously affected Plaintiffs psychological and physical wellbeing

37. Plaintiff alerted Defendant regarding the harassment inflicted upon her, thus Defendant

knew or should have known that its actions were illegal and in violation of 42 U.S.C. § 2000e(k).

38. Defendant intentionally, willfully and wantonly discriminated against Plaintiff by constructively terminating Plaintiff's employment because of her sex/gender, Female, and/or pregnancy, in violation of the law.

39. As a direct, proximate and foreseeable result of Defendant's intentional conduct and its agents' discriminatory actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

40. Based upon information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964, when Defendant placed Plaintiff on PRN status despite her objections, never contacted Plaintiff for work again and constructively terminated Plaintiff in September 2019. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is entitled to punitive damages from Defendant in a sum according to proof at trial.

41. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, YOLANY CALIX, demands judgment against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.* – RETALIATION**

42. Plaintiff, YOLANY CALIX, re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above, as though fully set forth herein and further states that this is an action against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

43. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. Plaintiff is a member of the protected class under Title VII because she objected to and opposed the discriminatory treatment she was being subjected to because of her sex/gender, Female and/or pregnancy, in violation of the law.

45. When Plaintiff provided Defendant notice of her pregnancy in July 2019, and on or about August 16, 2019, Plaintiff informed Defendant that she was given work restrictions by her medical doctor due to her pregnancy, followed by Plaintiff's submission of medical documentation on or about August 17, 2019, and on or about September 12, 2019, Plaintiff objected to and opposed Defendant placing her on PRN/as needed status per Defendant's company policy because Plaintiff had submitted medical documentation regarding her pregnancy, Plaintiff exercised her rights under Title VII and engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

46. Defendant subjected Plaintiff to retaliation for exercising her rights under Title VII, when

Defendant disregarded Plaintiff's objections to the change in employment status to PRN status, rejected Plaintiff's proposed transfer to the Activities Department when she had previously worked and instead Defendant hired someone else and did not call Plaintiff for work following her change in employment status in September 2019.

47. Plaintiff's engagement in activity protected by Title VII was a motivating factor in Defendant's termination of Plaintiff's employment in September 2019, in violation of 42 U.S.C. §2000e-3(a).

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

49. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's violations of 42 U.S.C. §2000e-3(a).

50. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), Plaintiff is entitled to recover her reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff, YOLANY CALIX, demands judgment against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not

limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760 SEX/GENDER DISCRIMINATION**

51. Plaintiff, YOLANY CALIX, re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above, as though fully set forth herein and further states that this is an action against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE for Sex/Gender Discrimination and Pregnancy Discrimination in violation of the Florida Civil Rights Act, Chapter 760.

52. Florida Statute §760.10 provides that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

53. At all times relevant to this action, Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current calendar year or preceding calendar year within the meaning of Fla. Stat. §760.02.

54. Plaintiff is a member of the protected class, a Female who was pregnant when Defendant terminated her employment.

55. Defendant subjected Plaintiff to disparate treatment and harassment because of Plaintiff's sex/gender, Female, and/or Plaintiff's pregnancy when: (a) shortly after Plaintiff provided Defendant notice of her pregnancy and medical documentation regarding her pregnancy related medical restriction, Defendant placed Plaintiff on PRN/as needed status based upon company policy and purported overstaffing; (b) Defendant did not contact Plaintiff for work following the

change in employment status despite Plaintiff's objections to the change in status; and (c) on September 12, 2019, Defendant constructively terminated Plaintiff's employment.

56. Defendant's proffered reasons for constructively terminating Plaintiff were based upon an intent to discriminate against Plaintiff because of her sex/gender, Female, and/or Plaintiff's pregnancy, in violation of Florida Statute §760.10.

57. A motivating factor behind Defendant's termination of Plaintiff's employment in September 2019 was Plaintiff's sex/gender, Female, and/or pregnancy, in violation of Florida Statute §760.10.

58. As outlined in the preceding paragraphs, Plaintiff was subjected to harassment, intimidation, false accusations, and discrimination because of her sex/pregnancy. This harassment had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that seriously affected Plaintiffs psychological and physical wellbeing

59. Plaintiff alerted Defendant regarding the harassment inflicted upon her, thus Defendant knew or should have known that its actions were illegal and in violation of Florida Statute §760.10.

60. Defendant intentionally, willfully and wantonly discriminated against Plaintiff by constructively terminating Plaintiff's employment because of her sex/gender, Female, and/or pregnancy, in violation of the law.

61. As a direct, proximate and foreseeable result of Defendant's intentional conduct and its agents' discriminatory actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

62. Based upon information and belief, Plaintiff alleges that Defendant's actions were done with malice, and reckless disregard for her protected rights under the Florida Civil Rights Act, when Defendant placed Plaintiff on PRN status despite her objections, never contacted Plaintiff for work again and constructively terminated Plaintiff in September 2019. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is entitled to punitive damages from Defendant in a sum according to proof at trial, pursuant to F.S. §760.11(5).

63. Pursuant to Fla. Stat. §760.11, Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, YOLANY CALIX, demands judgment against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760 RETALIATION**

64. Plaintiff, YOLANY CALIX, re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above, as though fully set forth herein and further states that this is an action against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for Retaliation in violation of the Florida Civil Rights Act, Chapter 760.

65. Pursuant to Fla. Stat. §760.10(7), it is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

66. Plaintiff is a member of the protected class under Chapter 760 because she objected to and opposed the discriminatory treatment she was being subjected to because of her sex/gender, Female and/or pregnancy, in violation of the law.

67. When Plaintiff provided Defendant notice of her pregnancy in July 2019, and on or about August 16, 2019, Plaintiff informed Defendant that she was given work restrictions by her medical doctor due to her pregnancy, followed by Plaintiff's submission of medical documentation on or about August 17, 2019, and on or about September 12, 2019, Plaintiff objected to and opposed Defendant placing her on PRN/as needed status per Defendant's company policy because Plaintiff had submitted medical documentation regarding her pregnancy, Plaintiff exercised her rights under Chapter 760 and engaged in protected activity within the meaning of Fla. Stat. §760.10(7).

68. Defendant subjected Plaintiff to retaliation for exercising her rights under Chapter 760, Fla. Stat., when Defendant disregarded Plaintiff's objections to the change in employment status to PRN status, rejected Plaintiff's proposed transfer to the Activities Department when she had previously worked and instead Defendant hired someone else and did not call Plaintiff for work following her change in employment status in September 2019.

69. Plaintiff's engagement in activity protected by Chapter 760, Fla. Stat. was a motivating factor in Defendant's termination of Plaintiff's employment in September 2019, in violation of Fla. Stat. §760.10(7).

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and reckless disregard for her protected rights under the Florida Civil Rights Act, Chapter 760. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or

ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial, pursuant to F.S. §760.11(5).

71. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's violations of Fla. Stat. §760.10(7).

72. Pursuant to Fla. Stat. §760.11, Plaintiff is entitled to recover her reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff, YOLANY CALIX, demands judgment against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V- FAMILY MEDICAL LEAVE ACT INTERFERENCE

73. Plaintiff, YOLANY CALIX, re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above, as though fully set forth herein and further states that this is an action against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*

74. The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, et seq.

75. Under the FMLA, when the need for leave is foreseeable based on the expected birth of a

child, the employee is required to provide the employer notice no less than thirty (30) days prior to the date the leave is to begin or if the date of the birth requires leave to begin less than 30 days, the employee is required to provide notice as is practicable as provided by 29 U.S.C. §§2612(a)(1)(A) and (e).

76. Defendant is an employer within the meaning of the FMLA, who employed fifty (50) or more employees within a 75 mile radius of Plaintiff's worksite for each working day of twenty (20) or more calendar workweeks in the current or preceding year.

77. In addition, Defendant had policies and/or handbooks providing for leave under the FMLA and/or other relevant leave time which Plaintiff relied upon.

78. Defendant, at all times material to this action, was and continues to be an employer within the meaning of the FMLA, 29 U.S.C. §2611(4), §2612, §2614(a), §2615(a)(1) and §2617(a).

79. At all times material to this action, Plaintiff was pregnant and had an anticipated need for time off for the birth of her child which would be a qualifying event as defined by the FMLA, and was eligible for leave under the FMLA, having worked for Defendant for at least 1,250 hours during the previous twelve (12) months.

80. More specifically, Plaintiff, at all times material to this action, was an employee within the meaning of the FMLA, 29 U.S.C. §2611(2), §2612, §2614(a), §2615(a)(1), and §2617(a).

81. During her employment, Plaintiff exercised, and/or attempted to exercise, her rights in 2019 under the FMLA in accordance with 29 U.S.C. §§2612(a)(1)(A) and (e).

82. By exercising and/or attempting to exercise her rights under the FMLA during her employment with Defendant in 2019, including but not necessarily limited to Plaintiff's right to medical leave under the FMLA, Plaintiff engaged in activity protected by the FMLA, 29 U.S.C.

§2611 *et seq.,* triggering the protections of the FMLA, specifically including but not limited to Plaintiff's rights pursuant to: (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave because of the "birth of a son … and in order to take care for such son"; and (b) 29 U.S.C. §2614 to be restored to her position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

83. Defendant interfered with Plaintiff's right to take medical leave under the FMLA in 2019 when after being placed on notice of Plaintiff's exercise and/or attempted exercise of her rights under the FMLA for pregnancy related conditions and for the birth of a child, Defendant changed Plaintiff's employment status from full-time to "PRN" or "as needed," refused to schedule Plaintiff for work and essentially terminated Plaintiff's employment and/or otherwise made her ineligible to take qualifying leave under the FMLA.

84. Defendant violated the FMLA by denying Plaintiff leave and/or interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of her leave under the FMLA, by denying her certain conditions and benefits of employment because of her request for leave, by discharging her after being placed on notice of a qualifying event and request for FMLA leave, and by terminating Plaintiff and thereby interfering with her rights to utilizing her protected leave under the FMLA.

85. As a result of Defendant's violation of the FMLA, Plaintiff has suffered and continues to suffer damages including but not limited to, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities.

86. Defendant's violations of the FMLA were willful, intentional and not done in good faith.

87. Pursuant to 29 U.S.C. §2617(a)(1)(iii), Plaintiff is entitled to an award of liquidated

damages from Defendant equal to the sum of the amount of all wages, salary, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendant's violations of 29 U.S.C. §2615(a)(1).

88. Pursuant to 29 U.S.C. §2617(a)(3), Plaintiff is entitled to all reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by Defendant.

WHEREFORE, Plaintiff, YOLANY CALIX, demands judgment against Defendant, GV NAPLES OPCO, LLC, d/b/a NAPLES GREEN VILLAGE, for back pay, employment benefits, other compensation including bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff, YOLANY CALIX demands trial by jury on all issues so triable.

Dated: September 10, 2021

          Respectfully submitted,

          **s/HAZEL SOLIS ROJAS**
          Hazel Solis Rojas, Esquire
          Florida Bar No. 91663
          E-mail: hazel@solisrojaslaw.com
          Law Office of Hazel Solis Rojas, P.A.
          3105 NW 107th Avenue, Suite 400
          Doral, Florida 33172
          Telephone: (305) 558-8402

          Barbra Anne Stern, Esquire
          Florida Bar No. 526576
          E-mail: barbra@sterncnslt.com
          Law Office of Barbra Stern, PA
          808 E Las Olas Blvd Ste 102
          Fort Lauderdale, FL 33301-2201
          Telephone: 954-743-4710

          Attorneys for Plaintiff